IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA W. OGUNSULA, | |
|    Plaintiff, | |
| v. | Civil Action No.:  ELH-20-2568 |
| MARYLAND STATE POLICE<br>  *TFC MICHAEL WARRENFELTZ*,<br>COLONEL WOODROW W. JONES, III.,<br>MICHAEL CAPASSO, | |
|    Defendants. | |

**MEMORANDUM**

Veronica Ogunsula, the self-represented plaintiff, filed suit on August 31, 2020, pursuant to 42 U.S.C. § 1983.  ECF 1.  She complains, *inter alia*, that TFC Michael Warrenfelt violated her rights under the Fourth and Fourteenth Amendments to the Constitution in connection with a traffic stop that occurred on August 30, 2017.

On February 3, 2021, plaintiff filed a motion for Clerk's entry of default for want of answer. ECF 7.  In support of her motion, plaintiff provided her affidavit, indicating that she had effected service of the Complaint and summons on Colonel Woodrow Jones, III, the Superintendent of the Maryland State Police, by emailing the Attorney General's office on December 26, 2020, per its request.  ECF 7-1 at 1-2, ¶ 2.a.  She also states that she sent "service" to TFC Michael Warrenfeltz by certified mail, which was delivered to his place of work on January 5, 2021.  *Id*. at 2, ¶ 2.b. Further, she states that she provided "service" to Warden Michael Capasso by certified mail, which was signed for and picked up by "authorized personnel in Belair, Maryland."  *Id*. at ¶ 2.c.  She concludes: "More than twenty one (21) days have elapsed since the defendants in this action were served, and the defendants have failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure."  *Id*. at ¶ 3.

Plaintiff did not provide the certified mail receipts with her motion. Rather, she attached the electronic tracking information from the United States Postal Service's website. ECF 7-2; ECF 7-3.

The Clerk entered defaults On February 4, 2021, as to the following parties: Maryland State Police (ECF 8), Colonel Woodrow W. Jones, III, the Superintendent of the Maryland State Police (ECF 9), and Michael Capasso, the Warden of the Harford County Detention Center (ECF 10). But, due to a docketing error, Warrenfeltz is not actually a named defendant on the Docket, although it is apparent from the Complaint that he was an intended party. ECF 1 at 1; ECF 2 at 1. Therefore, the Clerk is directed to add Warrenfeltz as a defendant on the Docket.

On February 5, 2021, an opposition to plaintiff's motion for order of default was filed on behalf of the Maryland State Police, Colonel Jones, and TFC Warrenfeltz. ECF 14. Defendants state that although service on Warrenfeltz has not occurred, they are willing to waive service on his behalf. *Id.*

Defendants also indicate that service was "accepted by email" on behalf of Jones and the Maryland State Police and "occurred during the holiday season while COVID-19 was affecting staffing," and therefore "a response has not yet been filed with this Court." ECF 14 at 2. They request an extension to file their response through and including until March 5, 2021. *Id.*

Under Fed. R. Civ. Proc. 55(a) default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." But, the failure to plead or defend does not automatically entitle a plaintiff to entry of default judgment under Rule 55(b). Indeed, entry of default judgment is not favored and is reserved in cases where the adversary process has been halted by an unresponsive party. *See United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits."

*Id*. Under Fed. R. Civ. Proc. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

Upon careful review of plaintiff's motion for entry of default, the affidavit, and the exhibits it is clear she has not established that proper service was effected on defendants Capasso or Warrenfeltz. In this Court's Order directing issuance of the summons and service of the Complaint, plaintiff was advised that if she chose to serve defendants by certified mail, return receipt requested, she must file with the Clerk a copy of the United States Post Office acknowledgment of proof of service. ECF 4 at 1, n.1. The documents provided by plaintiff in support of her motion for default do not indicate that the named defendants signed a certified mail receipt showing they personally received the Complaint and the summons. Plaintiff has not provided sufficient evidence that she complied with those requirements when serving the Complaint by certified mail. Thus, she is not entitled to default judgment and the entries of default shall be stricken. Further, the extension of time requested on behalf of the Maryland State Police, Jones, and Warrenfeltz shall be granted.

Since service has now been waived as to Warrenfeltz, despite plaintiff's failure to establish proper service, she will not be required to cure the deficiency. However, the remaining unserved defendant, Warden Michael Capasso, must be properly served or plaintiff risks dismissal of the claims against him, without prejudice.

Plaintiff is reminded that service on Warden Capasso, as an official of the Harford County government, may be mailed certified, restricted delivery, return receipt requested, to Melissa Lambert, County Attorney, Harford County Department of Law, 220 S. Main Street, Bel Air, Md. 21014. She is further reminded that proof of service must include some evidence that an authorized

person accepted service of the Complaint and summons; evidence that documents were simply delivered to an address does not suffice.

      A separate Order follows.

February 8, 2021                                                     /s/
Date                                                             Ellen L. Hollander
                                                                    United States District Judge