IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA W. OGUNSULA,
   *Plaintiff*,

v.

MARYLAND STATE POLICE, TFC MICHAEL WARRENFELTZ, et al.,
   *Defendants*.

Civil Action No. ELH-20-2568

**MEMORANDUM**

On August 31, 2020, plaintiff Veronica Ogunsula, who is self-represented, filed suit against TFC Michael Warrenfeltz of the Maryland State Police ("MSP"); Colonel Woodrow Jones III, Superintendent of the MSP; the MSP; and Warden Michael Capasso of the Harford County Detention Center. ECF 1. I shall refer to all defendants other than Capasso as the "MSP Defendants."

In her suit, plaintiff asserts claims pursuant to 42 U.S.C. § 1983. She alleges, *inter alia*, that TFC Warrenfeltz violated her rights under the Fourth and Fourteenth Amendments to the Constitution in connection with a traffic stop that occurred on August 30, 2017. *See* ECF 1.

Two motions are pending. One is a "Motion For Reconsideration And Status" (ECF 18, the "Reconsideration Motion"), supported by exhibits. The other is a motion for Clerk's entry of default (ECF 27, "Default Motion").

No hearing is needed to resolve the motions. *See* Local Rule 105.6. I discuss each motion, in turn.

**A.**

On February 3, 2021, plaintiff filed a motion for Clerk's entry of default as to all defendants, asserting that they had failed to timely respond to the suit. ECF 7. In her

accompanying affidavit (ECF 7-1), she averred that defendants were served in late December 2020 and early January 2021. *Id.* However, plaintiff did not provide the certified mail receipts with her motion. Rather, she attached the electronic tracking information from the United States Postal Service's website. ECF 7-2; ECF 7-3.

The following day, the Clerk entered defaults as to the MSP (ECF 8); Jones (ECF 9); and Capasso (ECF 10). On February 5, 2021, the MSP Defendants filed an opposition to plaintiff's motion for order of default. ECF 14. They asserted that because service was "accepted by email" on behalf of Jones and the MSP "during the holiday season while COVID-19 was affecting staffing," they were unable to timely respond to the suit. *Id.* at 2. In addition, the MSP Defendants indicated that Warrenfeltz had not been served, but that he was willing to waive service. *Id.* And, they requested an extension until March 5, 2021, to respond to the suit. *Id.*

By Memorandum (ECF 15) and Order (ECF 16) of February 8, 2021, I directed the Clerk to strike the entries of default. I explained that the Fourth Circuit has a "'strong policy that cases be decided on the merits.'" ECF 15 at 2 (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). Moreover, I observed that Fed. R. Civ. P. 6(b)(1)(B) provides that when "an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." ECF 15 at 3. Therefore, I directed the MSP Defendants to respond to the suit by March 5, 2021. ECF 16.

In addition, I noted that service had not been properly effected as to Warden Capasso. ECF 15 at 3. Therefore, I directed the Clerk to reissue summons as to Warden Capasso, and I granted plaintiff twenty-eight days from the date of that issuance to serve Warden Capasso. ECF 16.

The gist of the Reconsideration Motion is that, contrary to the Court's Memorandum, plaintiff successfully effected service as to all defendants in late December 2020. *See id.* But, plaintiff does not respond to the reasons set forth in my Memorandum as to why plaintiff's prior submissions did not establish that service was properly effected as to TFC Warrenfeltz or Warden Capasso. More important, plaintiff does not offer any response to my explanation of the Fourth Circuit's policy favoring the resolution of cases on the merits or of the Court's discretion to excuse defendants' failure to respond to the suit, pursuant to Fed. R. Civ. P. 6(b)(1)(B).

Therefore, I shall deny ECF 18.

**B.**

In the Default Motion, plaintiff seeks a default as to Warden Capasso. ECF 27. In her supporting Affidavit (ECF 27-1), plaintiff states that summons was served on Melissa Lambert, County Attorney for Harford County, in connection with the Complaint against Warden Capasso and others, and that "more than 21 days have elapsed since the defendants have been served." *Id.* at 2. The proof of service provided by plaintiff as to Warden Capasso (ECF 22-1) indicates that the "item" mailed under tracking number 7020-1290-0000-9373-4500 was delivered on February 25, 2021. *Id.* at 1. It reflects two illegible signatures, neither of which appears to be that of Melissa Lambert or Warden Capasso. *Id.* at 1.

I cannot concur that Warden Capasso was properly served. Moreover, under Standing Order 2012-01, the Maryland Attorney General and various County Attorneys were granted an automatic 60-day extension of time to respond to complaints filed against officials whom they represent in exchange for their agreement to accept service on behalf of those officials. *In Re: State Prisoner Litigation*, Misc. No. 00-308 (D. Md. April 27, 2012) at ECF 37. Historically,

Harford County has been one of many counties agreeing to the arrangement. *See id*. at ECF 6 (Administrative Order 2002-1).

Assuming, without deciding, that plaintiff properly served Warden Capasso with summons and a copy of the Complaint, his response to the Complaint is not due until Monday, April 26, 2021. Therefore, the Default Motion has been filed prematurely and shall be denied.

An Order follows.

Date: April 16, 2021                                       /s/
                                                        Ellen L. Hollander
                                                        United States District Judge