Veronica Ogunsula
9801 Apollo Drive #6334
Largo, Maryland
240-486-1427
ogunsulav@gmail.com

BALTIMORE-NIGHT BOX

2021 MAY 21  PM 11: 50

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

FILED
LODGED _____ ENTERED
_____ RECEIVED

MAY 21 2021

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
DEPUTY

Night
Drop

VERONICA W. OGUNSULA,

    Plaintiff,

vs.

MARYLAND STATE POLICE,

TFC MICHAEL WARRENFELTZ

15 TURNPIKE DRIVE

PERRYVILLE, MD 21903
*Individual and Official Capacity*

COLONEL WOODROW W. JONES III

SUPERINTENDENT,

MARYLAND STATE POLICE

1201 REISTERSTOWN ROAD

PIKESVILLE, MARYLAND 21208
*Official capacity*

MICHAEL CAPASSO

WARDEN

HARFORD COUNTY DETENTION CENTER

1030 ROCK SPRING ROAD

BEL AIR, MARYLAND 21014

*Official capacity*

    Defendants

Case No.: 1:20-cv-02568-ELH

OGUNSULA VS MARYLAND STATE POLICE

# **MEMORANDUM**

This memorandum by the plaintiff is filed in opposition to the Defendant Warden Michael

Capasso's Memorandum of Law in support of their Motion to Dismiss or in the Alternative,

OGUNSULA VS MARYLAND STATE POLICE - 1

Motion for Summary Judgment. There is a genuine dispute of material fact with regard to the facts averred by the defendant. Further, the plaintiff is filing subsequent to this response a Motion for Leave to amend her complaint to include the unnamed correctional officers.

## SUMMARY

To support her 42 U.S.C. §1983 complaint/case against the above named defendant, Warden Capasso and unnamed correctional officers, for violations of federal constitutional rights, namely the 4th and 14th Amendments, the plaintiff states that the defendant she arrived at the Detention Center on or about 12:30 p.m. on August 30, 2017. She was held in a cell and not allowed to make a phone call until 8-9 hours later. She had not been read her rights nor was she aware of the specifics of the warrant or any charges against her until nearly 12 hours after being brought to the detention center. So then, the plaintiff disputes the time of incarceration stated in Exhibit 3.

Further, after the court hearing where the judge granted her bail on 8/31/2017, she was told by the unnamed correctional officers on 9/1/2020 that she had not been granted bail and that she could be detained for up to 90 days. She requested to be taken back to the court on Friday morning, 9/1 to file a motion. (Please note that the complaint states 9/2 as the date. This is a typo.) She was told that she had to talk to her lawyer. She told the correctional officer that she was representing herself at this point. She was then kept confined to her cell for more than 18 hours straight between the afternoon of 9/1 and 9/2. She was promised by the medical staff that upon entry to the facility she could have her blood pressure checked twice a day, morning and night because she had recently received a high blood pressure diagnosis. However, although she requested this after been committed to Harford Detention Center, this health check/service was not followed.

OGUNSULA VS MARYLAND STATE POLICE - 2

Based on the disposition of the correctional officers, they were intent on continuing her detention and not complying with the judge's order for her to be released on bail. She was not provided information regarding the bail process. She was not allowed to make phone calls. She was kept in her cell for an unspecified amount of time in defiance of the judge's order regarding bail and release. . This was both emotionally and physically distressing.

On 9/1, as shown in the affidavit in Attachment 2, the plaintiff's bail was paid. However, the plaintiff was not released until after 10 or 11 p.m. on 9/2/20. On information and belief, the plaintiff was released more than 24 hours after her bail had been posted. She disputes the facts regarding when the bail was posted as stated in the Exhibit 2 provided by the defendant. This is a dispute in material fact. Additionally, information provided by the bail bondsman in a conversation regarding the bail process in Harford County, he stated that Harford does not restrict the times that bonds can be paid and that there is usually no significant delay between when they received the bond payment and when they make payment to the court/facility.

As previously intimated, the plaintiff was detained up to nine hours before she saw a commissioner or was able to make a phone call. The first time she saw the commissioner, he did not have all of the details regarding the charges against her. He told her he would find out more about the charges. After up to three hours later, she was brought back before the commissioner and presented information regarding the warrant. The warrant was defective. She told the commissioner that she had never rented a car at Reagan National Airport as indicated in the warrant. The Commissioner said that he could not release her and that she would have to go before a judge the next day. It appears

Because she did not want a public defender to represent her or had elected to have a private attorney should not be a reason to further detain an individual. The arresting officer should have had the paperwork regarding the warrant when he arrested the plaintiff and brought her to the detention center.

OGUNSULA VS MARYLAND STATE POLICE - 3

<u>Complaint Sufficiency</u>

The Fed. R. Civ. P. 8 provides the pleading requirements and was the guidance for the complaint in this case. It states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

<u>Motion to Dismiss</u>

In compliance with this rule, the complaint stated the following:

The defendants, violated her 4th and 14th Amendment rights when she was detained on a defective warrant and they continued to detain her after a judge had ordered that she be granted bail and her bail was paid. Further, the institution failed to provide proper care/healthcare given the plaintiff stated health status and the care that she was promised upon entry to the facility.

<u>Fourth Amendment Claim</u>

The 4th Amendment of the U.S. Constitution guarantees a person the right to be secure in their person, house, papers and effects against unreasonable searches and seizures… A traffic stop is a seizure within the meaning of the Fourth Amendment. (Generally Terry v. Ohio, 392 U.S 1, 1968), Johnson vs. Hammett, Civil Action No. ELH-18-1059, D. MD, 12-23-19) In order for a traffic stop to be legal, it requires, that the officer observe a traffic violation. (Connor vs Martin, 882 F. Supp. 2d 820 (2012) The Fourth Amendment's definition does not vary from jurisdiction to jurisdiction.  At the time of the traffic stop in question on August 30, 2017, this 4th Amendment right was clearly established.

As stated in the complaint, the plaintiff avers that she was not speeding or handling her phone, or committing in any other traffic offense in the State of Maryland and the Trooper did not observe any such violation. The traffic stop was unlawful. The complaint clearly states facts regarding the 4th Amendment claim and this is a claim upon which relief can be granted.

Twombly nor Iqbal requires that *evidence* be pled in the complaint or all factual details

1   associated with a claim.  The pleading standard has been met. A motion to dismiss is not

2   appropriate.

3       The plaintiff is concerned that the defendants want to avoid discovery in this case

4   because they believe that the traffic stop was unlawful. A pleading is not the proper place to

5   present *evidence* as countenanced by the Fed. Rules of Civil Procedure. The goal should not be

6   for the Court to become the jury. In fact, in considering the motion, "the judge's function is not ...

7

8   to weigh the evidence and determine the truth of the matter but to determine whether there is a

9   genuine issue for trial." (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 S.Ct., 1986)

10      As shown in Attachment 2, the plaintiff's call detail from that time period shows that the

11  plaintiff was not receiving nor making any calls or texts during the period of time in question.

12

13

14  The Fourteenth Amendment

15      The plaintiff's 14th Amendment right to due process is clearly established. The plaintiff

16  is entitled to relief and recovery of damages because the defective warrant was withdrawn by the

17  Metropolitan Washington Airport Authority. (See Document 28, Attachment 3) and the charges

18  were dismissed by the Harford County States' Attorney. (See Document 28, Attachment 3)

19

20  (Heck vs Humphrey, 512 U.S. 477, 486-87, 1994; Magwood vs. Robinson, No. 19-6529, 4th

21  Circuit, 2019)

22      Since there are disputed material facts it is inappropriate to grant Summary Judgment.

23  Immunity

24

25      It's too early to determine whether the defendants should be granted immunity in this

26  case. Discovery is necessary to determine:   policies, quotas, or other incentives encouraged

27  conduct that created the violation of constitutional rights.

28      A constitutional right is clearly established "when its contours are sufficiently clear that a

reasonable official would understand that what he is doing violates that right." The defendants

OGUNSULA VS MARYLAND STATE POLICE - 5

1
2
3

bear the burden of proof on whether the constitutional right was clearly established at the time of the alleged violation. The plaintiff asserts that her 4th and 14th Amendment constitutional rights were clearly established.

4
5
6
7

The fugitive charges were dismissed by the Harford District Court. (See Attachment 3) Again, no traffic citation was issued by the officer. The warrant was withdrawn by the Metropolitan Washington Police Department (See also Attachment 3)

8
9
10
11
12
13

Plaintiff's 4th and 14th Amendment rights were clearly established and no reasonable person could assume that it is lawful to continue to detain for imprisoned an individual when bail is paid and the judge had order a release on bail. The 4th and 14th Amendment rights are clearly established by a number of sources including the U.S. Constitution, Supreme Court precedent, Maryland law/statue (Maryland Declaration of Rights--unconstitutional search and seizure).

14
15
16
17
18
19
20
21

Section 1983 authorizes suit against state actors in their official capacity when the actors are final policy makers. Warden Michael Capasso can be sued in his official capacity because he is a final policy maker and if it is shown that his direct policies or unwritten policies within the organization encourage or acquiescence to behavior exhibited by the unnamed correctional officer, if this behavior is a pattern or practice, and it training is deficient, he is not entitled to immunity. Discovery is needed regarding this issue as detailed in the Rule 56 D Motion attached. Summary judgment is not appropriate pre-discovery.

22
23
24

## CONCLUSION

25
26
27

For the foregoing reasons, the Defendant's, Warden Michael Capasso and unnamed correctional officers, Motion To Dismiss and alternatively, Motion for Summary Judgment should be denied.

28

Dated this 21st of May, 2021.
OGUNSULA VS MARYLAND STATE POLICE - 6

1

2

3     Veronica Ogunsula, Pro Se
      9801 Apollo Drive #6334
4     Largo, Maryland 20792
      240-486-1427
5     ogunsulav@gmail.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28