Veronica Ogunsula
9801 Apollo Drive #6334
Largo, Maryland 20792
240-486-1427
ogunsulav@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

NORTHERN DIVISION

VERONICA W. OGUNSULA,

Plaintiff,

vs.

Case No.: 1:20-cv-02568-ELH

TFC MICHAEL WARRENFELTZ

COLONEL WOODROW W. JONES III,

SUPERINTENDENT

MICHAEL CAPASSO

WARDEN

HARFORD COUNTY DETENTION CENTER

Defendants

## MOTION TO STRIKE WARDEN MICHAEL CAPASSO'S MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I, Veronica W. Ogunsula, the plaintiff in the above case respectfully responds to Court's ruling on April 16, 2021 related to service of the complaint on the above defendant, Warden Michael Capasso. The plaintiff wishes to correct the record with regard to notice of the complaint provided to defendant Warden Capasso and service of the summons related to the initial complaint to defendant. The plaintiff is filing this motion to strike and an objection to the Court's extension to Defendant Capasso for the record.

OGUNSULA VS MD STATE POLICE ET. AL - 1

On August 31, 2020, a complaint was filed in this case. This complaint was mailed via United States Postal Service (USPS) Priority Mail to Warden Michael Capasso, Harford County Detention Center, 1030 Rock Spring Road, Bel Air, Maryland 21014. (See Document 18, Page 2 and Document 18-1, Page 1, and Page 4.) The USPS indicated via a delivery confirmation message that the initial complaint (notice) was delivered to the defendant according to their prescribed method of receiving mail. As will be explained below, mail for the Detention Center is delivered to a P.O. Box that is picked up by a Detention Center employee daily. This information confirms that notice of the complaint was provided to the Warden Capasso at the time the complaint was filed with this Court.

On December 16, 2020, this Court issued a signed summons for the defendant and mailed them to the plaintiff. After receiving the summons, the plaintiff mailed the summons and a second copy of the initial complaint to the defendant Capasso on December 28, 2020 as directed by this Court. When purchasing postage, the plaintiff was informed by the postal worker that the USPS was following CDC COVID 19 guidelines. Therefore, addressees were not being asked to sign for deliveries. The postal worker stated that the plaintiff would receive a signed notification of delivery with a digital capture after delivery of the package to the addressee. I contacted USPS when I did not receive a confirmation in the U.S. mail or a "digital copy". As shown in the email from the Post Office staff employee, Scott R, at the Bel Air Post Office responsible for the delivery of this mail item, the item or package was delivered on 1/2/2021 and due to coronavirus procedures [the] clerk signs for the item and a member of the Sheriff's Office comes daily to pick up the mail. (See Document 18-1, page 12) The reason why I did not provide certified mail slips is because 1) the postal worker told me that the addressees were not being required to sign for mail pieces because of COVID 19 restrictions and that I would receive a digital copy

OGUNSULA VS MD STATE POLICE ET. AL - 2

confirmation of the delivery; and 2) I did not receive a digital copy confirmation of the delivery. What I attached to the Motion for Reconsideration (Rule 46) was what the Post Office provided to me confirming delivery of the summons and the second complaint.

Next in accordance with the Court's February 8th order (See Document 15), the plaintiff mailed a re-issued summons and a third complaint to Melissa Lambert, Esq., County Attorney, Harford County Government, 220 S. Main Street, Bel Air, Maryland 21014. Again, the USPS did not delivery the Return Receipt Card (green card) in due fashion. Although I received a notification that the card had been delivered to my address, I had received the card. I requested the Post Office provide me with a copy of the card and I was provided the information provide in Document 22-1. The package had been delivered on February 25, 2021 to the County Attorney had ordered and was signed for by an authorized agent. (See Attachment 1—Return Receipt Card was finally delivered to my mail box.)

The above defendant had 121 days (September 3, 2020 – January 2, 2021) as notice of the civil complaint. Next, the defendant had 197 days (6.5 months) from the initial notice to the expected March 19, 2021 deadline for response. Accounting for the delay in service to the County Attorney, conservatively the defendant had 163 days to the March 2021 deadline.

The delay is prejudicial.

The Court has made the plaintiff aware of the 4th Circuit's policy that cases be decided on the merits. However, given the ample notice provided to the defendant, and the delivery of three complaints to them, their untimely response without a request for an extension should merit some response from the court for dilatory approach to their response.. As a pro se plaintiff, the defendant has a distinct advantage with regard to access to case materials, electronic research sources, free legal resources within their reach. The plaintiff respectfully requests that the Court

OGUNSULA VS MD STATE POLICE ET. AL - 3

be mindful of the effect the defendant's delays has on the plaintiff who does not have access to public law libraries and other "free or low costs" research sources due to pandemic closings. The plaintiff also wishes to make the Court aware the she has suffered severe retaliation with regard to this action.

Dated this 21st day of May, 2021,

Respectfully submitted,

_____

Veronica Ogunsula, Pro Se

As indicated in

1. I am the plaintiff (Pro Se) in this action.
2. The attached documents are true and correct information submitted in support of the Plaintiff's Response to the Defendant's Motion to Dismiss or Alternative, Motion for Summary Judgment.

Sworn to and subscribed before

me this 12 of April, 2021

OGUNSULA VS MD STATE POLICE ET. AL - 4