IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VERONICA W. OGUNSULA | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ELH-20-2568 |
| TFC MICHAEL WARRENFELTZ | * |
| Defendant. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## REPORT AND RECOMMENDATION

This case was referred to me on November 8, 2023 to resolve an Amended Motion for Sanctions filed by the Defendant. ECF No. 92. On November 29, 2023, a hearing was conducted on the record and I made factual findings that are incorporated herein. The Defendant, TFC Michael Warrenfeltz was represented by Assistant Attorney General Phillip Pincus and Assistant Attorney General Amy Hott. The Plaintiff appeared *pro se*. For the reasons set forth herein, I recommend you GRANT the Motion and DISMISS the case with prejudice, assessing costs in the amount of $420.00.

**The Hearing**

At the hearing, Defendant proffered evidence that Plaintiff failed to provide documents that were critical to the defense of this case. Plaintiff countered that she did not see the attached Request for Production that accompanied the Interrogatories in an email sent to her by Defendant back in March of 2023. Defendant provided information that the email actually stated that it contained the Request for Production of Documents and Interrogatories. In addition, Defendant's counsel attempted on multiple occasions to contact Plaintiff and inquire as to the status of her

responses. She did not respond to most of those inquiries. It is also important that the failure to respond to discovery was brought to Plaintiff's attention by the filing of the original Motion for Sanctions (ECF No. 86) on August 2, 2023 and by the Court's extension of discovery (ECF Nos. 85, 87,90). This Court then entered an Order directing Defendant to file an Amended Motion for Sanctions if Defendant continued his pursuit of sanctions. ECF No. 91. Plaintiff had ample opportunity to remedy the failed discovery. The evidence fully supported Defendant's allegations that Plaintiff had notice of her duty to respond to the Request for Production but simply chose not to do so.

Initially I conducted an inquiry of each Request but after the answers were consistent as to the first eight requests, I asked Defendant's counsel if Plaintiff had provided any other documents (excepting a rental car receipt, a summary of dollar amounts without any actual receipts or backup documents, a partial phone call log with no further identification and a list of what kind of damages she believed she suffered, again without any backup documents) and Defendant replied she had not. Plaintiff made multiple excuses for her failures to respond to the RFPs, but admitted she did not provide any other documents. Plaintiff also admitted that she knew the Rules and particularly Rule 37. Plaintiff advised the Court that Defendant's responses were, in her estimation, not adequate yet she failed to seek any redress from the Court, despite knowing she could have. Discovery, which was extended for the sole purpose of Plaintiff's deposition closed on September 9, 2023.

With respect to the interrogatories, again Plaintiff failed to answer the questions completely or explain the critical aspects of her claim. For example, Plaintiff stated she knew the names of her doctors and had documents, yet failed to identify any of that information in the answers to interrogatories. Her testimony in deposition differed from her answers to interrogatories when she

2

identified the type of vehicle she was driving when Trooper Warrenfeltz conducted a traffic stop. That particular information was critical to the Defense since Plaintiff alleged that the Trooper could not see into her car (no line of sight) to see her using her hand held cell phone which was the genesis of the stop. There has been no disclosure of medical bills, reports, identification of treating doctors or any information related to damages claimed by Plaintiff in this Complaint. The Defendant here is left truly in the dark in defending this claim. The failure to fully answer interrogatories and provide any backup documentation is and has been consistent in the failed prosecution of Plaintiff's claim.

**Sanctions**

Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Fed. R. Civ. P. 37(d); *Mya Saray, LLC v. Al-Amir*, 831F.Supp.2d 922, 930, (EDVA 2011), *citing Mutual Federal Sav. And Loan Ass'n v. Richards and Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). When a court considers one of these extreme sanctions, its discretion is limited because its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed.*, 872 F.2d at 92. Sanctions do not deprive the litigant of the right to trial by jury and a fair day in court, however, when the litigant has demonstrated a clear intention not to participate in the litigation. *Al-Amir* at 931. These competing interests require a court to apply a four-part balancing test before levying a dismissal or a default:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.*

3

The Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.,* 53 F.3d 36, 40 (4th Cir.1995); *see also Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59–60 (D.Md.1998) (describing emerging trend in Fourth Circuit to consider warning prior to extreme sanctions). Failure to respond to interrogatories can merit dismissal or default. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983); *Daye v. General Motors Corp.,* 172 F.R.D. 173, 179 (M.D.N.C.1997). Other courts within the Fourth Circuit have applied *Mutual Federal*'s test and then entered default judgment as sanctions against plaintiffs who refused both defendants' requests and judges' orders that they appear for depositions. *See Robinson v. Morgan,* 160 F.R.D. 665, 666 (E.D.N.C.1995); *Robinson v. Yellow Freight Sys.,* 132 F.R.D. 424, 429 (W.D.N.C.1990). While some of these cases refer to default judgments, they are instructive as a sanction of dismissal provides the same result.

As to the four factors, in this case, I find that Plaintiff acted in bad faith in continuing to deny Defendants critical information to prepare a defense to this complaint. Plaintiff had a multitude of excuses but it is undeniable that the Complaint was filed on August 31, 2020 and continuing through the date of this hearing, Plaintiff steadfastly refused to produce documents which she claims she possessed. The first factor is met to satisfy dismissal. As to the second factor, Plaintiff intentionally withheld documentation and testimony that would not only relate to liability on the part of TFC Warrenfeltz, but also to the entire issue of damages. Her failure to provide discovery absolutely precludes the Defendant from a fair trial. There was no disclosure of medical information including the identity of any treating practicioners, no backup documents to challenge

4

the alleged damages, and her non-compliance with discovery left the Defendant stranded by the side of the road.

With respect to the third factor, there is a strong need for deterrence of litigants who file their claim and abandon their responsibilities to the Court. The Court must "send an unmistakable message to them and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future… to find otherwise would send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling." *Al-Amir* at 931. As to the fourth factor, the effectiveness of less drastic sanctions, in totally denying Defendant an opportunity for a fair trial, there are no effective less drastic sanctions. The damage here is done. The Court cannot now impose any limits of proof upon Plaintiff at trial since no one but the Plaintiff knows what proof actually exists. To do so, would reward Plaintiff for her total failure to provide discovery in this case. There has already been several extensions of discovery. Defendants were hamstrung by not having written discovery responses before deposing Plaintiffs. Any less drastic sanctions would only give Plaintiff a "win" for creating an uneven playing field which she chose to create. Plaintiff has had ample opportunity to cure her default in discovery but has failed to do so. There are no less drastic measures. All four factors in *Mutual Federal* are satisfied.

Where a party is self-represented, she is still responsible for performing all duties imposed upon counsel by the Local and Federal Rules. Loc. R. 101.1.a (D. Md. 2023). While " '*pro se* litigants are entitled to some deference from courts,' " this deference generally only "relates to construing a *pro se* plaintiff's complaint," and not to a *pro se* plaintiff's failure to meet Court-imposed deadlines. *Diamond v. Bon Secours Hosp.*, No. WMN-09-865, 2010 WL 2696632, at *5 (D. Md. July 6, 2010) (quoting *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989)). When

5

considering sanctions under Rule 37(d), this Court holds *pro se* plaintiffs "responsible for [their] failures to comply with the Rules and court orders." *Adams v. Maryland Mgmt. Co.*, No. WDQ-11-2408, 2013 WL 142074, at *3 (D. Md. Jan. 10, 2013). Courts in the Fourth Circuit may dismiss a case "if the *pro se* litigant's refusal to comply...warrant[s] such a sanction." *Diamond*, 2010 WL 2696632 at *6; *see also Robinson v. Yellow Freight Sys.*, 923 F.2d 849 (4th Cir. 1991) (unpublished opinion) (affirming district court's reasoning that *pro se* plaintiff's continued disregard for discovery orders warranted dismissal under Rule 37); *Middlebrooks v. Sebelius*, No. PJM-04-2792, 2009 WL 2514111, at *2 (D. Md. Aug. 13, 2009) (*pro se* plaintiff's continuous failure to attend depositions sessions or to respond to requests and interrogatories warranted dismissal). *Franklin v. Tri-County Council for the Lower Eastern Shore of Maryland*, 2016 WL 3653966 (D.Md. July 8, 2016).

## CONCLUSION

Therefore, I recommend dismissal of this action with prejudice. I also recommend Defendant be awarded costs of $420.00 as described by Defendant on the record and incurred by Defendant when Plaintiff untimely canceled one event of her scheduled deposition.

Any objections to this Report and Recommendation must be served and filed within 14 days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: 30 November 2023

A. David Copperthite
United States Magistrate Judge