IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VERONICA W. OGUNSULA,

   *Plaintiff*,

v.

MICHAEL WARRENFELTZ,

   *Defendant*.

Civil Action No. ELH-20-2568

**MEMORANDUM**

This Memorandum concerns the request of the self-represented plaintiff, Veronica Ogunsula, for the issuance of four subpoenas, pursuant to Fed. R. Civ. P. 45.

Plaintiff has filed a civil rights suit against Trooper First Class Michael Warrenfeltz, a Maryland State Police officer. ECF 60 ("Second Amended Complaint"). She claims that the defendant violated her Fourth Amendment rights by conducting a traffic stop on August 30, 2017, without reasonable suspicion that plaintiff had committed a traffic violation. *Id.* Defendant asserts that he stopped plaintiff because she was using her phone while driving. ECF 96-2 at 1.

During the stop, defendant discovered an outstanding warrant for plaintiff's arrest, charging her with failure to return a rental vehicle. ECF 60 at 4. As a result, plaintiff was arrested and then taken to the Harford County Detention Center, where she remained until the night of September 2, 2017. *Id.* at 7. The warrant was subsequently withdrawn.[1]

---

[1] I have previously issued three opinions that describe, in detail, the factual background and procedural history of this case. ECF 41; ECF 58; ECF 110. I incorporate those discussions here.

Discovery closed on September 9, 2023. ECF 90. Thereafter, on September 22, 2023, defendant filed an "Amended Motion for Sanctions" (ECF 92) ("Sanctions Motion"), claiming that plaintiff had substantially failed to respond to written discovery requests served on March 31, 2023. *Id.* at 3. I referred the Sanctions Motion to Magistrate Judge A. David Copperthite for resolution. ECF 97. After a hearing (ECF 101), Judge Copperthite issued a "Report and Recommendation" recommending that the Court grant the Motion and dismiss the case with prejudice, assessing costs of $420 to the plaintiff. ECF 104 ("Recommendation").

By Memorandum Opinion and Order of January 19, 2024, I adopted the Recommendation, in part. ECF 110; ECF 111. In particular, I awarded defendant the sum of $412.18 in costs. ECF 111, ¶ 5. And, I ordered, *id.*, ¶ 3:

> By **February 5, 2024**, plaintiff **SHALL PROVIDE** complete responses to the interrogatories and requests for production propounded on March 31, 2023. If plaintiff claims that certain information or unavailable to her, plaintiff **SHALL DESCRIBE**, in detail, the efforts she made to obtain that information.

On February 3, 2024, plaintiff filed a "Motion for Reconsideration." ECF 114. Defendant responded. ECF 115 ("Response"). In the Response, defendant asserted that plaintiff has not cured her various discovery defaults, notwithstanding the Court's Order directing her to do so by February 5, 2024. *See id.*[2] Plaintiff replied. ECF 116.

On March 12, 2024, plaintiff filed a "Motion to the Court" (ECF 119) requesting that the Court direct the Clerk to issue four subpoenas, which plaintiff filed under seal. *See* ECF 118-1. The Motion is supported by a Memorandum to the Court. ECF 118 (collectively with ECF 119, the "Motion").

The four requested subpoenas are as follows.

---

[2] Defendant did not file a motion for sanctions.

2

A subpoena addressed to the "AT&T Global Legal Demand Center" requests, ECF 118-1 at 1–2 ("First Subpoena"):

1) Customer legal account info for Veronica Ogunsula, from account information and device IMEI detail, 12/1/2019 to present. 2) Call detail, texts, and phone location information for device usage [sic] 3/3/24 as well as 3/4, 3/5, 3/6[.]

As a basis for the request, plaintiff states, ECF 118 at 3:

Plaintiff requests call detail and location detection information from/for Samsung (S10) phone[.] This Samsung phone contains case information and discovery data, privileged communications, court filings and other court information and correspondence related to this case as well as Ms. Ogunsula [sic] business related information contacts, emails, and financial information.

A subpoena addressed to "Amit Verna, General Mgr rHyatt [sic] Regency, One Bethesda Metro Ctr, 7400 Wisconsin Ave, Bethesda, MD 20814" requests "video camera footage, date 2-06-2024; time, 5:30 a.m. to 5:30 p.m." ECF 118-1 at 3–4 ("Second Subpoena").  As a basis for this request, plaintiff states, ECF 118 at 2:  "The Plaintiff was working on this case with her computer on the date above and an envelope and cash was [sic] stolen from her belongings."

A subpoena addressed to the "Office of General Council [sic], Washington Metro Area Transit Authority/Metro" requests, ECF 118-1 at 5–6 ("Third Subpoena"):

Y2/Y8 Video from Bus leaving bus stop between 7:19 and 8:00 p.m. going South toward Silver Spring Station on 3/03/2024; from Wendy lane & Georgia Ave bus stop to Wheaton Metro Station Stop.

As a basis for this request, plaintiff states, ECF 118 at 2–3:

This Samsung (S10) phone contains case information and discovery data, privileged communications, court filings and other court information and correspondence related to this case as well as Ms. Ogunsula [sic] business related information contacts, emails, and financial information.  After leaving the Subway Restaurant at 13651 Georgia Avenue in 3/3/24 between [sic] 7:19 p.m. and 7:50 where her phone went missing, Plaintiff boarded and rode a Y2/Y8 bus from Wendy Lane and Georgia Avenue to Wheaton Metro Station.  Ms. Ogunsula's phone was used shortly after it was missing from Ms. Ogunsula's possession.

Finally, a subpoena addressed to the "T-Mobile, Legal and Emergency Response Team" in Parsippany, New Jersey, requests "call detail and text for 240-486-1427 from 8/12/2017 to 9/1/2017." *Id.* at 7–8 ("Fourth Subpoena"). As a basis for this request, plaintiff states, ECF 118 at 2:

> The plaintiff requested her Sprint call detail related to calls and texts between August 1, 2017 and September 30, 2017, the period in which traffic stop occurred [sic] that is the subject of this case. The plaintiff has requested this information not less than five times from the T-Mobile, the company that now owns Sprint. Although the company has stated this information is available and has repeatedly agreed to comply, they have not provided the requested information to date. Plaintiff does not anticipate any costs from her carrier but will pay those costs associated with this subpoena.

Fed. R. Civ. P. 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." But, Local Rule 102.3 provides:

> The Clerk shall not issue any subpoena under Fed. R. Civ. P. 45(a)(3) to any self-represented litigant without first obtaining an order from the Court authorizing the issuance of the subpoena. Before entering any such order the Court may require the litigant to state the reasons why the subpoena should be issued, and the Court may refuse to authorize issuance of the subpoena if it concludes that the subpoena imposes undue burden or expense on the person subject to the subpoena or upon the U.S. Marshal or other court officer who would be required to serve it under 28 U.S.C. § 1915, or is otherwise inconsistent with the requirements of Fed. R. Civ. P. 26 and 45(d).

Based on the information provided, I decline to authorize issuance of the First, Second, and Third Subpoenas, because they appear "inconsistent with the requirements of Fed. R. Civ. P. 26[b][1]." That Rule provides, in part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4

The First, Second, and Third Subpoenas request information that appears unrelated to the subject matter of the case. In particular, the First Subpoena requests phone records from December 2019 until the present, all of which post-date the stop in question by more than two years. The Second Subpoena requests video footage dated February 6, 2024. And, the Third Subpoena requests video footage dated March 3, 2024. I can discern no connection between the information requested and the allegations in the suit. ECF 60. Therefore, I do not consider the information requested by the First, Second, and Third Subpoenas "relevant . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

In contrast, the information requested by the Fourth Subpoena may be relevant to plaintiff's claim. *See* ECF 118 at 2 (requesting records related to calls and texts between August 1, 2017 and September 30, 2017). As noted, the traffic stop occurred on August 30, 2017. ECF 60 at 3. Defendant asserts that he stopped plaintiff because she was using her phone while driving. ECF 96-2 at 1. I am satisfied that the information requested by the Fourth Subpoena is relevant and proportional to the needs of the case. Therefore, I shall direct the Clerk to issue the Fourth Subpoena.

An Order follows, consistent with this Memorandum.

                                                    /s/
                                    Ellen Lipton Hollander
                                    United States District Judge